## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22378-BLOOM/Elfenbein

RENZO BARBERI,

      Plaintiff,

vs.

PIO PIO CUBA, CORP., a Florida Profit
Corporation and HIALEAH INDUSTRIAL
PORTFOLIO, LLC, a Florida Limited
Liability Company,

      Defendants.

_____/

### PLAINTIFF'S REPLY IN OPPOSITION TO DEFENDANTS' RESPONSE TO PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES, COSTS, EXPERT WITNESS FEES AND LITIGATION EXPENSES [DE 14]

Plaintiff, RENZO BARBERI ("Plaintiff"), by and through undersigned counsel, hereby responds to Defendants' Request for Judicial Notice [DE 13] and replies to Defendants' Response in Opposition to Plaintiff's Motion for Attorneys' Fees, Costs, Expert Witness Fees and Litigation Expenses [DE 14] ("Defendants' Response") and in support of Plaintiff's Motion for Attorneys' Fees, Costs, Expert Witness Fees and Litigation Expenses [DE 12] respectfully states as follows.

Plaintiff respectfully requests that this Honorable Court award the full amount of Plaintiff's attorneys' fees, costs, litigation expenses, and expert fees. No reduction is warranted as Plaintiff's attorney's fees, costs, and expenses are reasonable. Not a single entry is excessive. Further, Defendants fail to properly challenge the fees and costs sought to be recovered. This

Court will see that Defendants improperly challenged EACH AND EVERY time entry, even the 0.1 in reviewing this Honorable Court's orders. Even disputing a $4.10 Pacer charge which pages were submitted. That is not a meaningful review, or good faith attempt to address. It is indicative of what the Undersigned has had to deal with in interactions with Opposing Counsel. Plaintiff prays the Court finds that each and every entry is reasonable.

### DEFENDANTS' FALSE ASSERTION ON NOTICE IN LIGHT OF DEFENDANTS' HAVING HAD NOTICE FOR YEARS

Defendants did have notice! Further, there is a clear and meaningful reason that Defendants should comply without waiting for years to receive a formal invitation to do so.

First, the language of the ADA does not contain any provision mandating notice to an alleged violator before a lawsuit can be filed. In *Botosan v. Paul McNally Realty* 216 F.3d 827 (2000) the court held that "an ADA plaintiff is not required to provide notice as a prerequisite to filing suit". In *Jones v. Eagle-North Hills Shopping Centre, L.P.* (478 F. Supp. 2d 1321, 2007 WL 851356, 2007 U.S. Dist.), the court noted that while Congress has considered amending the ADA to include a pre-suit notice requirement, these legislative efforts have repeatedly failed, reinforcing the conclusion that no such requirement exists.

Second, judges have recognized that the ADA's enforcement structure is designed to encourage proactive compliance, not to provide businesses with an opportunity to cure violations only after being notified. Requiring notice could undermine the statute's effectiveness and the ability of plaintiffs to enforce their rights. Congress specifically did not want that a public accommodation will wait until they receive notice in order to then make the modifications. The

goal is to be compliant from day one, not only upon receipt of a notice of non-compliance.

Furthermore, the Defendants in this action were sued for ADA violations at this very Subject Facility as recently as in 2021. See [DE 5, ¶3] and *Gil v. Hialeah Industrial Portfolio, LLC e al.*, Case No. 1:21-cv-23166-KMM, where the Defendants were represented by the same attorney, Glenn Widom, Esq., who now claims that the Defendants "would have accomplished the Repairs if they had been provided with pre-suit Notice" [DE 14 at page 4]. **Wasn't Mr. Gil's 2021 lawsuit not enough of a notice to make the Subject Facility fully compliant with the ADA?**

Besides, the Defendant HIALEAH INDUSTRIAL PORTFOLIO, LLC has been sued multiple times at other properties leased to other tenants. A quick search through the undersigned's previous cases with Mr. Widom provides an example of at least four lawsuits just with the Undersigned's Firm, where HIALEAH INDUSTRIAL PORTFOLIO, LLC or another landowner (under a different corporate name) owned/managed by the same Mr. Yoram Izhak were sued for ADA discrimination between 2018 and 2024: *Barberi v. SMART BUY FURNITURE, INC. et al.*, Case No. 1:18-cv-22614-KMM; *Caplan v. Beeonline, LLC et al.*, Case No. 0:18-cv-60356-CMA; *Caplan v. PC AUTOMOTIVE INC. et al.*, Case No. 1:23-cv-21708-KMM; *Caplan v. Hallandale Tire Center and Plus, Inc. et al.*, Case No. 1:24-cv-22848-KMW.

In none of the above-referenced cases, did the Defendants do anything at all until they were sued. And even after they were sued, it did not occur to them to look around and proactively remedy any ADA violations at their other properties. The Defendants' Response [DE 14] is full of inaccuracies, misrepresentations, and just false narratives - all presented to this Honorable Court to malign the Plaintiff and his counsel.

3

The sad fact is that they could have and in fact did try and make the property compliant only **after the lawsuit** and after the judgment entered by the Court. As of the time of this writing the undersigned has been to the facility 3 times and only recently is it providing access to disabled person (No fees were charged for the visits or driving, it was for the undersigned's own personal knowledge). The only fees associated in this case were more than reasonable, non-excessive and geared towards getting access for disabled, that is it.

## PLAINTIFF'S ATTORNEY FEES ARE REASONABLE

### 1.  The Hourly Rate is Reasonable.

The Courts in the Southern District of Florida have widely approved the undersigned's customary hourly rate. Therefore, the undersigned respectfully submits that the hourly rate sought by Plaintiff's counsel is reasonable and should be awarded by this Honorable Court.

The undersigned has been practicing for twenty years, and his hourly rate is reasonable given his experience in this area. In ADA cases mostly concluded by the end of 2024, the Honorable Judge Becerra and the Honorable Judge Middlebrooks found that an hourly rate of $550.00 for the undersigned was reasonable. "The Court has considered the Verified Motion and corresponding time records, and based upon its review of the record and its knowledge of the customary hourly rates charged in this district for similar services, concludes that the amount of attorney's fees requested is reasonable." - See *Caplan v. Leung Healthcare North Miami Beach Inc.,* Case No. 24-cv-22930-JB [DE 15] (Dec. 5, 2024). "Due to my familiarity with the market rate in South Florida, I will note that the hourly rate seems reasonable. Plaintiff supports such hourly rates by noting that lead counsel has been practicing since 2005 in Florida and that his

former co-counsel Ms. Glezier has been admitted to practice in Florida since 2011. He adds that his counsel has specialized in ADA litigation. Moreover, Plaintiff's counsel describes the qualifications of his paralegal who has a master's degree and has worked with the firm for seven years." - See *Caplan v. Sunrise Animal Hospital,* Case No. 24-cv-60365-DMM [DE 27] (Feb. 12, 2025).

Even more recently, an hourly rate of $570.00 for the undersigned was undisputed by the defense counsel and found reasonable by Judge Altman. See *Barberi v. Raluna Solar Energy Solutions Inc. et al*., Case No. 1:24-cv-24099-RKA (S.D. Fla. July 17, 2025) [DE 61]. As correctly noted in the Defendants' Response [DE 14 at page 6], that case was initiated in October 2024 and concluded around mid-July 2025. Similarly, in the undersigned's Motion for Attorney Fees in *Caplan v. Jay & Wellz Supreme Services LLC et al.,* Case No. 0:24-cv-60624-WPD ([DE 44], to be refiled by August 22, 2025), which was initiated in April 2024 and has still not been resolved as to the attorney's fees, the requested hourly rate is $570.00.

In contrast to the above-referenced cases, despite them being comparatively recent, this instant matter was initiated in the end of Spring 2025. The undersigned's experience, rise in litigation expenses, and the continuous inflation in general do allow a raise in the charged hourly fee. $610.00 per hour of a very experienced attorney's work is not excessive or unreasonable.

Throughout their Response [DE 14] and Request for Judicial Notice [DE 13], the Defendants mostly rely on *Caplan v. All Am. Auto Collision, Inc. 36 F.4th 1083,* where the 11th Circuit upheld the District Court's  reduction of the undersigned's fees. True, it was appealed but undersigned since then and before has had no case where his fees were cut in half. The vast majority have been completely upheld including by this Honorable Court.

Further, since then the undersigned has had his time found fully compensable because each and every time entry is reasonable and justified. The hourly rate of $420 requested in *Caplan v. All Am. Auto Collision, Inc.* for the attorney work done in 2018 was found reasonable even in preceding years, albeit not in that case. See *Barberi v. Mi Viejo San Juan Restaurant, LLC*, Case No. 1:16-cv-23313-CMA (S.D. Fla. January 30, 2017) [DE 23]; *Barberi v. La Leonesa Fritanga*, Case No. 16-cv-23601-DPG (S.D. Fla. January 13, 2017); *Barberi v. Nava Motors Corp*., Case No. 1:17-cv-20532-UU (S.D. Fla. March 22, 2017); *Barberi v. Ocaris Management Group., Inc*., 1:17-cv-20556-UU (S.D. Fla. March 28, 2017). However, contrary to what Mr. Widom claims, the rate of $420.00 per hour that was found reasonable more 7 years ago - or even $450.00 suggested in the Defendants' Response - simply cannot be a prevailing market rate in 2025.

### 2.   The Hours Expended Were Reasonable.

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done.' *Barnes,* 168 F.3d at 432 (citing *Norman,* 836 F.2d at 1306)." *Martinez v. Public Storage,* 2010 WL 2219712 (S.D. Fla. 2010).

Courts in this District have previously found the undersigned's time to be reasonable in similar cases. In *Caplan v. Mallory,* Case No. 19-cv-62103 (February 26, 2021) [DE 36], the Court stated: "The undersigned has reviewed counsel's billing records… **the hours billed by attorneys Stern and Gleizer are reasonable**." [emphasis added] Similarly, in *Caplan v. Stanton Dental Excellence,* Case No. 18-cv-61792 (July 18, 2019) [DE 23], the Court held that: "The

undersigned has reviewed counsel's billing records… ***the hours billed by attorneys Stern and Gleizer are reasonable***." [emphasis added]

a. "**Form" Documents, Work Product, Future Work**

The undersigned counsel has been representing ADA plaintiffs for many years and it is logical that certain activities have become routine. This in fact is in Defendants' favor and is reflected by the reasonable time entries. One can only imagine how many numerous hours it would take to draft a complaint in an ADA case from scratch, making sure to research and include all of the information necessary to withstand the attacks and motions to dismiss that defendants continually make. Ten hours? Fifteen hours? Although Defendants would have the Court believe that to file an ADA action involves nothing more than filing a form complaint- that is simply not the case. Even a "form" complaint must be tailored to the particular plaintiff, as well as tailored to include and describe the proper parties, addresses, violations, types of public accommodation, registered agents, etc. Plaintiff's reasonable time entries already take into account the increased efficiency due to the undersigned's experience with ADA actions.

In fact, what Defendants are seeking is for this Court to penalize the undersigned for his experience and diligent work in bringing ADA actions in the most cost effective manner. To illustrate, if an unexperienced attorney would take ten to fifteen hours to research and draft an ADA complaint, such time is already significantly reduced due to the undersigned's experience. Any further reduction does not reflect a reduction for experience which has already been accounted for, but a penalty cutting and devaluing the undersigned's time solely due to the undersigned's concentration of his practice in representing ADA plaintiffs.

7

Defendants say that all the research, writings, consent, correspondence, docket entries, conferrals, everything done to bring this case and litigate it to fruition should have and even could have been done in 3 hours!!! How? The undersigned prides himself on his efficiency but it is not even possible to just type everything in that time, let alone coordinate the expert, go over his report, standing issues, verification, Department of professional regulation, Sunbiz, this Honorable Court's orders, discovery, judgment and motions, responses, replies etc. Each time entry was necessary, and nothing was excessive.

Defendants claim that the undersigned should bill less than half hour for preparing a Certificate of Counsel [DE 5]. It is true that the final description of prior ADA cases submitted to the Court is two pages long, but the Defendants and the Court should realize that the undersigned had to review any and all previous ADA complaints to see what addresses PIO PIO CUBA, CORP., HIALEAH INDUSTRIAL PORTFOLIO, LLC, and the previous landowner - Wood Sterling LLC - were sued at, as well as to review each docket to find out how every case concluded in order to apprise this Honorable Court of any available specific detail of the settlement. Considering all that, the 1.1 of the undersigned's work put behind that Certificate of Counsel is more than reasonable. And that is just one more example of how much work needs to be done for the court documents that the Defendants call "minimally-altered templates".

Additionally, Plaintiff's initial fee application does not include the hours the undersigned spent researching and preparing this Reply. "It is well settled that time expended litigating attorney fees is fully compensable." *Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990). Also see *Johnson v. University College of University of Alabama in*

*Birmingham,* 706 F.2d 1205 (11 Cir. 1983); *Johnson v. State of Mississippi*, 606 F.2d 635 (5th Cir. 1979).

Furthermore, there will be future work reviewing photographs, expert reports, or any Defendants' evidence submitted in September. Mr. De La Rosa's affidavit [DE 14-1] is not an expert report and is not a proof that the modifications have been completed. In addition, Plaintiff's expert will also inspect the Subject Facility and will provide his own detailed report [DE 12-2, ¶6]. It is thus apparent that Plaintiff will have to continue to expend time and effort and incur fees and expenses to ensure that Defendants comply with the Final Judgment and make their facility accessible to individuals with disabilities.

**b. <u>Communications with Plaintiff</u>**

Defendants unreasonably object to the undersigned's time spent on communicating with the client after Plaintiff notified the undersigned of the violations at the Defendants' property, including the conversations informing Plaintiff of the expert's findings or of the Defendants' consent to judgment. The undersigned spent only 2.1 hours over the course of about four (4) months discussing the case with Plaintiff. And yet, Defendants unreasonably argue that the undersigned should not have contacted the Plaintiff regarding the instant matter "beyond the initial consultation" [DE 14 at page 7]. The Plaintiff in this action is a civil rights activist who takes an active interest and participation in the ADA actions he brings. Plaintiff insists- as is his right- to be aware of all of the events happening in all of his cases. It is recognized that an attorney is obligated to keep a client reasonably informed about the status of the matter. *See, e.g.,* Rule 4-1.4, Florida Rules of Professional Conduct. Moreover, Plaintiff receives no monetary compensation from the ADA actions he initiates. Plaintiff's sole "compensation" is his ability to

confer with his counsel and be an active participant in the cases brought for the public interest, and which ensure facilities comply with the ADA. In this action, all such communications are reasonable and should be compensated.

### c. Plaintiff's Attorney Fees Incurred after July 16 and Time Spent on Conferral

The Defendants misrepresent the settlement talks in their Response. The undersigned was willing to not bill and add the time entries after July 1, if they agreed to compensate the fees and costs the Plaintiff incurred before the date. But their proposal was $8,500 which included the expert and court costs and everything else - and not a penny more. Because the undersigned refused to agree to such proposal, the Defendants decided to misrepresent the Plaintiff's position.

Defense Counsel did not even address in the multiple attempts to confer anything other than the Complaint and the 3-4 calls what entries he objects to, no particularity despite several attempts. When in fact two weeks earlier in the Altman case the undersigned was granted each and every time entry.

The undersigned tried everything to settle and did it properly. Plaintiff prays this Court does not deduct even a single time entry. These Defendants knew they were discriminating against disabled individuals and did nothing to comply with the law. After having been sued, they hastily agreed to a judgment just so that they can get away with not complying and with paying close to no attorney fees, in the hopes that Plaintiff will "go away". That is their modus operandi.

<u>**PLAINTIFF'S EXPENSES ARE REASONABLE**</u>

    **a.  <u>Service of Process</u>**

Defendants argue that Plaintiff should not be compensated for the process server's attempts to serve the Defendant, PIO PIO CUBA, CORP. [DE 14 at page 9]. However, the undersigned receives the process server's invoices regardless whether the attempts were successful and regardless whether the Undersigned canceled a request to serve a defendant after even one attempt has been made. The process server's fee of $45 includes 8 attempts at 1 service address. Any additional address or any additional attempt incur another $45 invoice.

Since the date the Plaintiff's process server received the Complaint and Summonses to be served on PIO PIO CUBA, CORP., he made four unsuccessful attempts. When on June 10, 2025 this Honorable Court granted the Defendants' Motion to Approve Consent Judgment and closed the case [DE 9], the undersigned's paralegal contacted the process server to cancel any more futile attempts to serve the Defendant. On June 11, 2025, the undersigned received the process server's Affidavit of Non-Service followed by an invoice for $45, which was immediately paid. See the Return of Non-Service and Receipt attached as Exhibit "A".

    **b. <u>Plaintiff's Expert Fee</u>**

In this action, the Honorable Court has determined that Plaintiff is entitled to an award of his expert fees, among other fees and costs - to be determined by the Court. See Final Judgment [DE 11, ¶4], which was based on a proposed final judgment the parties had jointly finalized and submitted to the Court. Since then, however, the Defendants have been reneging on the understanding that Plaintiff would recoup the expert's fees.

During the conferral on the amount of attorney fees, Defendants first agreed that at least $1,500.00 in expert fees should be awarded. See the Email from Mr. Widom dated July 15, 2025 and attached hereto as Exhibit 'B', where Mr. Widom states: "However, without any detailed evidence to support your "expert fee", Defendants object to any amount **in excess of $1,500.00**, and object to any prospective re-inspection fee at this time" (emphasis added). The undersigned reflected exactly that in his Motion for Attorney Fees [DE 12 at page 14].

In their Response, the Defendants first state that they agree to only $1,000 [DE 14 at page 9] and then proceed to dispute Plaintiff's entitlement to the expert's fee of any amount whatsoever: "Even if Plaintiff were to be entitled to an expert fee, Plaintiff's failure to submit an hourly account of Plaintiff's expert work renders impossible any alternative determination of fees and warrants denial of the fee in its entirety…" [DE 14 at page 10]

These statements and actions render the Defendants' Motion to Approve Consent Judgment [DE 7], as well as the entire time spent on conferral regarding Plaintiff's fees completely meaningless; illustrate the Defendants' insincerity and unreliability; and uncover their real motive for consenting to a judgement - avoid paying the fees Plaintiff is entitled to and to cause painful and protracted litigation unless the undersigned agrees to a laughable fee amount, and thus punish Plaintiff for having brought this action. In the same Exhibit "B" the Honorable Court should also note that the Defendants initially agreed to Plaintiff's entitlement to a full recovery of $90 process server's fee before filing a response to dispute the fee for the attempts to serve PIO PIO CUBA, CORP.

Plaintiff's expert submitted his affidavit in support of his fees [DE 12-2], and Plaintiff believes that the expert fee is reasonable and even on the low end of what experts charge,

because of the long standing relationship of the Firm with this Expert. Further, a pre-suit expert inspection is an allowable cost under the ADA. *Karakis v. Argentinian Grill, LLC*, 2010 WL 298599 (S.D. Fla. Jan. 20, 2010). *See Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir.1983). Furthermore, obtaining a pre-suit inspection is a necessary and prudent expense prior to the initiation of an ADA action. As the *Hansen* Court explained, "Conducting a pre-suit investigatory inspection to confirm the existence of the barriers complained of is sound legal practice. Furthermore, Plaintiff's counsel represents that a report was generated, which would have been provided to Defendant had it made such a request." *Hansen*, 420 F. Supp. 2d 1346, 1354. This is analogous to the instant action. Plaintiff properly and prudently had a pre-suit investigatory inspection performed in order to avoid filing baseless actions, and in order to facilitate resolution and remediation of Defendants' ADA violations.

The expert fee amount is also reasonable and allowable. In *Macort v. McDonald's Corp.,* 2005 WL 1925740, (M.D.Fla. Aug.11, 2005) the Court awarded an ADA expert fee of 3,850.00. In *Karakis,* Plaintiff was awarded $2500.00 in costs for the pre-suit expert inspection of the premises. *Karakis*, 2010 WL 298599. In *Houston v. S. Bay Inv'rs No. 101, LLC*, 2013 WL 3874026 (S.D. Fla. July 25, 2013) the Court awarded expert fees of $2,812, and an anticipated reinspection fee of $562.50. In *National Alliance for Accessibility v Hull Storey Retail Group,* 2012 WL 3853520 (M.D. Fla. 2012)- the Court awarded $3,360 for expert witness fees, and a $350 reinspection fee. In *Goodman v. Sperduti Enterprises, Inc.,* Case No. 08-cv-62096-JIC (S.D.Fla. Oct. 6, 2009) the Court found a $2,500 expert fee for a pre-suit expert investigation to be reasonable.

### c. **Pacer Fees**

Defendants wrongly claim that Plaintiff did not incur the requested pacer fees saying that the undersigned receives free links to filings from CM/ECF. [DE 14 at page 10]. While that is true for any case filings, the requested pacer fees of $4.10 are not for accessing the case-related documents through the undersigned's CM/ECF-generated emails.

The Defense counsel surely knows that every page of documents retrieved from Pacer public search costs $0.10. The undersigned had to conduct a search prior to requesting the expert's initial inspection to find out if the Subject Facility and the Defendants were previously sued for ADA and prior to filing a complaint to see if there has been any such lawsuit filed within the time the undersigned requested an inspection and received a report (Sometimes the time between the two events is more than two months, and the undersigned has had occasions when a subject facility his plaintiff visited had been sued for ADA just a few days before the undersigned received a report from his expert). Additionally, the undersigned had to pay Pacer fees for accessing documents filed in previous ADA lawsuits in order to research and prepare a Certificate of Counsel [DE 5]. None of the above came to the undersigned's email through a free link as he was not a party to any of those cases.

It is ridiculous that the undersigned now has to type up more than two paragraphs explaining his $4.10 Pacer costs - the costs that should be self-explanatory to such an experienced attorney as the Defense Counsel in this case. All the printouts evidencing each 10-cent expense are attached hereto as Exhibit "C".

### d. **<u>Printing Charges</u>**

Photocopying charges are taxable as costs to a prevailing party under 28 U.S.C. §1920(4). Beyond the costs authorized in §1920, the ADA authorizes an award of litigation expenses under 42 U.S.C. §12205. "Section 12205's allowance of 'litigation expenses' is much broader than the provisions of §1920," and it includes expenditures for items that are related to the advancement of the litigation. *Corbett v. Nat'l Prods.,* No. 94-2652, 1995 WL 284248, at *4 (E.D.Pa. May 9, 1995); *accord Chaffin v. Kansas,* No. 01-1110-JTM, 2005 WL 387654, at *2 (D.Kan. Feb. 17, 2005); *Robins v. Scholastic Book Fairs,* 928 F.Supp. 1027, 1036-37 (D.Or. 1996).

In *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006), in discussing printing charges, the Court explained, "in the Consent Decree, Defendant expressly agreed to compensate Plaintiff for all litigation expenses and costs incurred in this matter. Although Defendant asserts that Plaintiff made the disputed photocopies solely for the convenience of counsel, it fails to specify the number of copies that it alleges were so made. Moreover, these copy charges are expenses all of a type routinely billed to a client and are therefore compensable. *See United States v. Adkinson,* 256 F.Supp.2d 1297, 1320 (N.D.Fla. 2003). Accordingly, the Court will award Plaintiff the $72.50 sought for photocopies."

Similarly, in the instant action, Defendants expressly agreed to compensate Plaintiff for all litigation expenses and costs incurred in this matter, and the printing charges are expenses all of a type routinely billed to a client and are therefore compensable.

CONCLUSION

Each and every minute of attorney time and each and every cent of costs and expenses requested in the Plaintiff's Motion for Attorney Fees [DE 12] are justified and have been necessarily incurred in the process of the instant litigation and prior to its initiation. The Defendants' objections in [DE 13] and [DE 14] are made with the sole purpose of attempting to get away with their violations without paying the full amount of the reasonable amount of Plaintiff's attorney's fees.

WHEREFORE, Plaintiff respectfully requests that the Honorable Court award the full amount of Plaintiff's reasonable attorney's fees, litigation expenses, and expert witness fees requested in Plaintiff's Motion for Attorneys' Fees, Costs, Expert Witness Fees and Litigation Expenses [DE 12], and grant any further relief in favor of Plaintiff that the Court deems just and proper.

Respectfully submitted,

By: _Ronald Stern_
Ronald Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., # 757
Hallandale, Florida 33009
Telephone: (954) 639-7016
Email: ronsternlaw@gmail.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-22378-BLOOM/Elfenbein

RENZO BARBERI,

       Plaintiff,

       vs.

PIO PIO CUBA, CORP., a Florida Profit
Corporation and HIALEAH INDUSTRIAL
PORTFOLIO, LLC, a Florida Limited
Liability Company,

       Defendants.

_____/

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 18th day of August 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

       By: *<u>Ronald Stern</u>*
       Ronald Stern, Esq.
       Florida Bar No. 10089
       THE ADVOCACY LAW FIRM, P.A.
       1835 E Hallandale Beach Blvd., # 757
       Hallandale, Florida 33009
       Telephone: (954) 639-7016
       Email: ronsternlaw@gmail.com
       Attorney for Plaintiff