UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22378-BLOOM/Elfenbein

RENZO BARBERI,

    Plaintiff,

v.

PIO PIO CUBA, CORP. *a Florida Profit Corporation* and HIALEAH INDUSTRIAL PORTFOLIO, LLC, *a Florida Limited Liability Company*

    Defendants.
_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Attorneys' Fees, Costs, Expert Witness Fees and Litigation Expenses ("Motion"), ECF No. [12], filed on July 21, 2025. Defendant filed a Response, ECF No. [14], to which Plaintiff filed a Reply. ECF No. [17]. The Court has reviewed the Motion, the record, the applicable law, and is otherwise fully advised.

**I.    BACKGROUND**

On May 27, 2025, Plaintiff filed a Complaint for declaratory and injunctive relief pursuant to the Americans with Disabilities Act of 1990. ECF No. [1]. On June 6, 2025, Defendants filed a Motion to Approve Consent Judgment. ECF No. [7]. The case was thereafter administratively closed on June 9, 2025, ECF No. [9], and the Court granted Final Judgment in favor of Plaintiff and against Defendants on June 23, 2025. ECF No. [11].

Plaintiff filed the instant Motion seeking (1) $13,237.00 in attorneys' fees; (2) $612.50 in paralegal fees; and (3) $3,511.10 in expert fees, costs, and litigation expenses, for a total award of $17,360.60. ECF No. [12] at 15. Defendants respond that (1) the hourly rates requested are

unreasonable; (2) an unreasonable amount of time was expended on the litigation; (3) Plaintiff's counsel is seeking fees incurred for seeking fees; (4) Plaintiff's counsel is seeking fees he waived; and (5) Plaintiff's expenses are unreasonable. ECF No. [14]. Plaintiff replies that (1) the hourly rate is reasonable; (2) the hours expended were reasonable; and (3) Plaintiff's expenses are reasonable. ECF No. [17].

## II.     LEGAL STANDARD

Pursuant to the ADA, prevailing parties may be entitled to attorney's fees, litigation expenses, and costs. Specifically, 42 U.S.C. § 12205 states in pertinent part:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205; *Ass'n of Disabled Ams. v. Neptune Designs, Inc.,* 469 F.3d 1357, 1359 (11th Cir. 2006) (quoting 42 U.S.C. § 12205). For purposes of the ADA, a "prevailing party" is one that "[r]eceive[s] at least some relief on the merits of his claim . . . ." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-04 (2001) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760, (1987) (internal quotation marks omitted)).

Section 1920 of Title 28 provides that the court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Additionally, "expert witness fees are ordinarily not taxable costs; however, pursuant to 42 U.S.C. § 12205 such fees may be taxed as litigation expenses in ADA cases." *Herrera v. APQ Coconut Grove FL, LLC*, No. 25-cv-21278, 2025 WL 2178401, at *13 (S.D. Fla. July 29, 2025) (citing *Fox v. The Marquis Corp.*, No. 08-cv-81264, 2010 WL 1010871, at *7 (S.D. Fla. Mar. 15, 2010)).

While the award of attorney's fees and costs are within the sound discretion of the trial court, the standards established for determining when a court should exercise that discretion to award fees to a prevailing party are those set forth by the United States Supreme Court in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). *Bruce v. City of Gainesville*, 177 F.3d 949, 951-52 (11th Cir. 1999) (applying *Christiansburg* standard in ADA suit); *Daniel-River v. Everglades College*, No. 16-cv-60044, 2017 WL 5197509 at *2 (S.D. Fla. June 16, 2017). Per *Christiansburg*, a prevailing plaintiff "should ordinarily be awarded attorney's fees in all but special circumstances." 434 U.S. at 416-17.

**III.     DISCUSSION**

Defendants agree that Plaintiff is entitled to attorneys' fees and costs but argue that an award of only $2,965.00 in attorneys' fees and $1,500.00 in taxable costs is proper. ECF No. [14] at 10-11. In *Norman v. Housing Auth. of City of Montgomery*, the Eleventh Circuit provided the framework within which courts may analyze the reasonableness of an award of attorneys' fees. 836 F.2d 1292 (11th Cir. 1988). "[T]he starting point in any determination for an objective estimate of the value of a lawyer's services is to multiply hours reasonably expended by a reasonable hourly rate." *Id.* at 1299. The party who applies for attorneys' fees bears the burden of submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. *Id.* at 1303. "A reasonable hourly

3

rate is the prevailing market rate in the relevant legal community for similar services, by lawyers of reasonable comparable skills, experience, and reputation" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.* at 1299.

After calculating the lodestar fee, the court then analyzes whether to adjust the amount upward or downward. In making this determination, the court may depend upon a number of factors, including the quality of the results, the quality of the representation, whether the fee arrangement was contingent, and whether there was a delay in the receipt of payment by counsel for the prevailing party. *Id.* at 1302. "If the result was excellent, then the court should compensate for all hours reasonably expended." *Id.* (quoting *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987)). But "[i]f the result was partial or limited success, then the lodestar must be reduced to an amount that is not excessive." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). "Even if the results obtained are exceptional, no enhancement is permissible unless there is specific evidence in the record to show that the quality of representation was superior to that which one would reasonably expect in light of the rates claimed." *Id.* Finally, "where there is a delay the court should take into account the time value of money and the effects of inflation and generally award compensation at current rates rather than at historic rates." *Id.*

**A. Hourly Rate**

First, Defendants argue that counsel Ronald Stern's hourly rate of $610 and paralegal Muminat Kerimova's hourly rate of $175 are unreasonable. ECF No. [14] at 5-6.

In his Motion, Plaintiff cites to a series of recent cases in which courts found Stern's hourly rate of between $550.00 and $570.00 reasonable. ECF No. [12] at 9 (citing Order Granting Motion for Default Judgment, *Caplan v Leung Healthcare N. Miami Beach, Inc.*, No. 24-cv-22930 (Dec. 5, 2024), ECF No. [15] at 8-9 (hourly rate of $550 for Stern and $175 for Kerimova was

reasonable); Order Granting in Part Plaintiff's Verified Motion for Attorneys' Fees, *Caplan v. Sunrise Animal Hospital, LLC*, No. 24-cv-60365 (Feb. 12, 2025), ECF No. [27] at 3-4, (finding hourly rate of $550 for Stern and $175 for Kerimova was reasonable, but reducing total award); *cf.* Paperless Omnibus Order, *Barberi v. Raluna Solar Energy Sols.*, No. 24-cv-24099 (July 17, 2025), ECF No. [61] (granting unopposed motion for attorneys' fees, where parties agreed on hourly rate of $570 for Stern and $175 for Kerimova). In support of their argument that the requested hourly rates are unreasonable, Defendants state that, although Stern is "an experienced ADA litigator,[1] this area of practice is highly repetitive and presents no novel legal questions to justify such a rate." ECF No. [14] at 5. Defendants also note that although Judge Middlebrooks found that the hourly rates were reasonable in *Sunrise Animal Hospital*, he also found that "a lower fee award is appropriate" because "Defendant never appeared in the case, and there was no substantive motion practice involved, aside from moving for final default judgment." Order Granting in Part Plaintiff's Verified Motion for Attorneys' Fees, No. 24-cv-60365, ECF No. [27] at 3.

Defendants point out that *Leung* and *Sunrise* both "ended with a Final Default Judgment, with no appearance by Defendants to dispute Mr. Stern's claimed rate, and that, even when unopposed, his fee request in *Sunrise* . . . was significantly reduced as excessive." ECF No. [14] at 5. Defendants also cite a series of ADA cases in which the court found that an hourly rate between $400.00 and $420.00 was reasonable. ECF No. [14] at 5-6 (citing, *e.g., Pinero v. Jorge Alberto Alvarez Revocable Living Tr.*, No. 23-cv-20056, 2024 WL 264150, at *5 (S.D. Fla. Jan. 8, 2024) (awarding $415.00 hourly rate for attorney with fifteen years of experience), *report and*

---

[1] In the Motion, Plaintiff states Stern has twenty years of experience as an attorney, he "concentrates his practice in representing disabled plaintiffs in ADA cases and has handled literally hundreds of actions seeking to address ADA violations." ECF No. [12] at 5. The Motion states Kerimova "has an MA degree from Florida International University and has been with The Advocacy Law Firm P.A. since January 2018." *Id.* at 5-6.

5

*recommendation adopted sub nom.*, *Pinero v. Alvarez*, 2024 WL 262752 (S.D. Fla. Jan. 24, 2024); *Kennedy v. Fountains of Boynton Assocs., Ltd.*, No. 16-cv-81902, 2017 WL 5957662, at *3 (S.D. Fla. Nov. 6, 2017) (awarding $400.00 hourly rate for two attorneys with twenty and thirty years of experience, respectively, and $115.00 hourly rate for paralegal), *report and recommendation adopted*, No. 2017 WL 5956871 (S.D. Fla. Nov. 29, 2017); *Caplan v. Mallory*, No. 19-cv-62103, 2021 WL 883493, at *4 (S.D. Fla. Feb. 26, 2021) (awarding Stern a $420.00 hourly rate, but denying Kerimova's requested $125.00 rate because the performed tasks were "clerical rather than 'work traditionally done by an attorney'"), *report and recommendation adopted*, 2021 WL 879198 (S.D. Fla. Mar. 9, 2021)).

The fact that *Leung* and *Sunrise* were default judgments in which Stern's $550.00 hourly rate was not opposed does not change the fact that the district court found that, in December 2024 and February 2025, Stern's $550 hourly rate was reasonable. Additionally, the most recent case Defendants cite in which Stern was awarded a $420.00 hourly rate—or lower—is from February 2021, over four years ago. *See Mallory*, 2021 WL 883493, at *4. Therefore, the $420.00 rate does not account for Stern's increased "experience, [the] rise in litigation expenses, and . . . continuous inflation in general[.]" ECF No. [17] at 5.

Although Plaintiff notes that an hourly rate of $570.00 "was undisputed by defense counsel" in *Barberi v. Raluna Solar Energy Solutions Inc.*, that court did not address whether the rate was reasonable because defense counsel had agreed to the total award. Paperless Omnibus Order, *Barberi v. Raluna Solar Energy Sols. Inc.*, No. 24-cv-24099, (July 17, 2025), ECF No. [61]. Plaintiff argues that, in determining the reasonableness of the fees and hourly rate, courts consider "the current prevailing market rate" which is "the rate at the time of the fee petition, not the rate at the time the services were performed." ECF No. [12] at 9. Therefore, it is unclear why a $40

increase in the hourly rate Stern received just four months ago would be appropriate here. Accordingly, based on the rate that defense counsel agreed to pay Stern in *Raluna*, Stern's twenty years of experience as an attorney, and the Court's knowledge of the prevailing market rate in the Southern District of Florida, the Court finds that a $570.00 hourly rate is reasonable here. Similarly, in *Leung, Sunrise* and *Raluna*, Kerimova was awarded an hourly rate of $175.00, which is the rate Plaintiff requests in the Motion. The Court finds $175.00 reasonable as well.

### B. Hours Expended

Defendants argue that the "21.7 hours of attorney time and 3.5 hours of paralegal time is beyond excessive." ECF No. [14] at 6. Specifically, Defendants object to the amount of time billed for (1) drafting the complaint; (2) communicating with the client; and (3) post-judgment work done for the purpose of obtaining attorneys' fees. *Id.* at 6-9.

In support of their argument that the amount of time billed was unreasonable, Defendants cite to the Court's Order on Judicial Notice, in which the Court took notice of the fact that "Plaintiff's counsel has filed over 50 ADA cases in the Southern District of Florida in 2025" and that Stern filed six complaints between May and June 2025 which "are virtually identical to that filed in this action, excepting paragraphs 3 and 5, describing the defendants, and paragraph 15, describing the alleged violations." ECF No. [19] at 2. Because the Complaint in this case "is a template of the 'boilerplate' provisions in which only the Defendants and the alleged violations are revised for each of the hundreds of cases . . . Stern files annually[,]" Defendant argues the 2.5 hours Stern states he spent drafting the Complaint is unreasonable. ECF No. [14] at 7. Plaintiff argues that the fact that "certain activities have become routine" for Stern as a result of his many years of representing ADA plaintiffs "is in Defendants' favor and is reflected by the reasonable time entries." ECF No. [17] at 7. Plaintiff disputes that filing an ADA action "involves nothing

7

more than filing a form complaint" and that "[e]ven a 'form' complaint must be tailored to the particular plaintiff, as well as tailored to include and describe the proper parties, addresses, violations, types of public accommodation, registered agents, etc." *Id*. The Court agrees that 2.5 hours spent drafting the Complaint is reasonable.

Second, Defendants object to the 2.1 hours Stern billed for discussing the case with Plaintiff. ECF No. [14] at 7. Defendants cite *Petinsky v. Hussain* for the proposition that "there was no justification to award fees for communications with a client beyond the initial consultation. ECF *Id.* (citing *Petinsky v. Hussain*, No. 13-cv-60519, 2013 U.S. Dist. LEXIS 188910, at * 13 (S.D. Fla. July 9, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 188897 (S.D. Fla. July 30, 2013).). However, in *Petinsky*, the Court did not make any broad generalizations about the reasonableness of communicating with a client after the initial consultation. The Court found it reasonable that plaintiff's counsel billed ".4 hours to communicate with the client requesting authorization to proceed with the suit[,]" but struck the additional ".1 hours to 'review' authorization[.]" *Petinsky v. Hussain*, No. 13-cv-60519, 2013 U.S. Dist. LEXIS 188910, at * 13 (S.D. Fla. July 9, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 188897 (S.D. Fla. July 30, 2013). On April 30, 2025, Stern billed .5 hours for "Communication w Client re Problems at Property[.]" ECF No. [14-3] at 1. He then billed .6 hours on May 26, 2025 for "Discussion w client re initial inspection[,]" .5 hours on June 6, 2025 to "Discuss case with client[,]" and .5 hours to "Discuss case with client" on June 24, 2025. *Id.* at 1-2. As Plaintiff notes, he is "a civil rights activist who takes an active interest and participation in the ADA actions he brings." ECF No. [17] at 9. Moreover, Florida's Rules Regulating Professional Conduct mandate that a lawyer "keep the client reasonably informed about the status of the matter" and "promptly comply with reasonable requests for information[.]" R. Regulating Fla. Bar 4-1.4. Accordingly,

8

Stern's 2.1 hours spent discussing Plaintiff's visit to the property and then keeping Plaintiff apprised of the case as the litigation progressed is reasonable.

Third, Defendants argue that upon the Court's entry of Final Judgment on June 23, 2025, "Plaintiff achieved his goal in filing suit, and Plaintiff's counsel's entitlement to attorneys' fees was established." ECF No. [14] at 7 (emphasis omitted). They argue that Plaintiff is not entitled to attorneys' fees for Stern's "efforts to set the amount of attorneys' fees to be awarded." *Id.* (emphasis omitted). Because the time Stern expended post-judgment was "exclusively for . . . Stern's benefit[,]" Defendants argue those hours are "not compensable." *Id.* However, it is not clear that, as Defendants argue, federal law precludes ADA attorneys from recovering attorneys' fees for the time spent litigating the amount of fees to which they are entitled. Although "[l]awyers should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation[,]'" the Eleventh Circuit has stated that the district court "may not entirely deny civil rights litigants the recovery of statutory fees (which we have said includes fees for litigating fees)." *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)); *see also McMahan v. Toto*, 311 F.3d 1077, 1085-86 (11th Cir. 2002) (comparing "federal court practice of allowing recovery of attorney's fees for litigating both entitlement and amount issues" with Florida statute which does not permit awarding attorneys' fees for litigating the amount of them due) (citing *State Farm Fire & Cas. Co. v. Palma,* 629 So. 2d 830, 833 (Fla. 1993)).

Defendants cite *Caplan v. All American Auto Collision, Inc.*, in which the Court stated that "the 4.7 hours Stern bills for preparing his motions for costs and fees are not compensable." No. 18-cv-61120, 2019 WL 13084767, at *5 (S.D. Fla. Sept. 16, 2019). However, that conclusion was based on the Eleventh Circuit's statement in *Norman* that "[t]he law seeks to compensate attorneys

9

for work reasonably done actually to secure for clients the benefits to which they are entitled." 836 F.2d at 1305. And the Eleventh Circuit has recognized that "[a]dequate fee awards are essential to the full enforcement of the civil rights statutes and are an integral part of the remedies necessary to secure compliance with the laws." *Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1532 (11th Cir. 1983) (quoting *Johnson v. Univ. Coll. of Univ. of Ala. in Birmingham*, 706 F.2d 1205, 1211 (11th Cir. 1983)). The fact that Stern benefits from the preparation of the instant Motion does not undermine the fact that Plaintiff also benefits from "fee awards sufficient to attract competent counsel without producing a windfall to the attorneys." *Id.* (quoting *Johnson*, 706 F.2d at 1211). Therefore, counsel is not categorically barred from recovering attorneys' fees for post-judgment work litigating attorneys' fees.

Defendants also argue that "the four time entries claimed by . . . Stern on and after July 16, 2025, totaling 1.6 hours, should be deemed waived and not compensable" because, in an email exchange with defense counsel, Stern wrote he was "not charging anything from 7/16 on Thanks." ECF No. [14] at 9 (quoting ECF No. [14-2] at 3). Plaintiff replies that Defendants "misrepresent the settlement talks in their Response" and that Stern "was willing to not bill and add the time entries after July 1, if they agreed to compensate the fees and costs the Plaintiff incurred before the date." ECF No. [17] at 10. Indeed, based on the emails attached to the Response and the Reply, counsel appeared to be in the midst of settlement negotiations. ECF Nos. [14-2], [17-2]. Defendants have not provided any caselaw to support the proposition that a plaintiff waives his entitlement to attorneys' fees for specific time entries solely based on inconclusive statements made counsel during mandatory conferrals. Because Plaintiff is entitled to post-judgment attorneys' fees and Defendants have not raised any other objections to the time entries from July 16, 2025 and beyond, the Court finds these entries are reasonable.

Case No. 25-cv-22378-BLOOM/Elfenbein

C. **Expenses**

Defendants also object to the following expenses: (1) the $45.00 service of process; (2) the $2,500.00 expert fee;[2] (3) the $500.00 re-inspection fee; and (4) the PACER charges and printing fees. ECF No. [14] at 9-11.

Regarding the service of process fee, Plaintiff's list of expenses includes two $45.00 charges for "service." ECF No. [12-1] at 3-4. Plaintiff states "Defendants do not dispute Plaintiff's entitlement for recovery of this service fee." ECF No. [12] at 12-13. However, Defendants state the "alleged charge for Service of Process upon Defendant PIO PIO is improper as no Affidavit of Service was filed of record and Plaintiff's counsel's fee Invoice indicates that Service of Process was cancelled." ECF No. [14] at 9. Plaintiff replies that "[t]he process server's fee of $45 includes 8 attempts at 1 service address. Any additional address or any additional attempt incur another $45 invoice." ECF No. [17] at 11. Plaintiff notes that he "receives the process server's invoices regardless whether the attempts were successful and regardless [of] whether the Undersigned canceled a request to serve a defendant after even one attempt has been made." *Id.* Plaintiff attached the invoice of $45.00 for the attempted service of Pio Pio from the process server. ECF No. [17-1] at 3. Therefore, Plaintiff is entitled to recover this fee.

Regarding Jon Kronillis's expert fee, Plaintiff seeks to recover $2,500.00 for "Expert Fee (Flat Fee)." ECF No. [14-3] at 3. "Plaintiff retained Mr. Jon Kronillis as an expert to perform an evaluation of the Subject Facility." ECF No. [12] at 13. Plaintiff states that, included within the $2,500.00, is "a $500.00 re-inspection fee for the expert's re-inspection of the Subject Facility that will be conducted after the deadline the Court set for the Defendants to complete remediation of

---

[2] Plaintiff states that Defendants "have agreed to pay $1,500.00 of the amount," ECF No. [12] at 14, but Defendants state they do not object to "$1,000 of expert fees." ECF No. [14] at 9. The Court will accept Defendants' representation that they have only agreed to pay $1,000.00 Therefore, Defendants object to $1,500.00 of the $2,500.00 fee.

11

the existing barriers to access." *Id.* at 13-14.[3] Plaintiff argues that the re-inspection fees "have been awarded in civil rights cases in order to monitor compliance with the court order." *Id.* at 14 (citing *e.g.,* Order Granting Motion for Final Default Judgment, *Barberi v. Pego International Corp.*, No. 15-cv-23873, (S.D. Fla. May 17, 2016), ECF No. [24] (awarding full amount of requested attorney fees, costs, and litigation expenses, including re-inspection fee of $500.00); Default Final Judgment, *Barberi v. La Pinarena Gallo Pinto Corp.*, No. 16-cv-23959, (S.D. Fla. Nov. 17, 2016), ECF No. [22] (same).

Defendants argue that the expert's flat fee and re-inspection fee are improper because the expert's affidavit "fails to establish what amount Plaintiff actually paid to date or will pay, only what 'flat fee' [the] Expert purportedly charges; and Plaintiff failed to provide any evidence of payment[.]" ECF No. [14] at 9-10. In Kronillis's affidavit, attached to the Motion, Kronillis states that he charged "a flat fee of $2,500.00 for my services, which a portion has already been remitted. I agree to accept the balance at the conclusion of the case." ECF No. [12-2] ¶ 4. Defendant argues that Plaintiff's "failure to submit an hourly account of Plaintiff's expert work renders impossible any alternative determination of fees and warrants denial of the fee in its entirety for failure to comply with Local Rule 7.3." ECF No. [14] at 10 (citing *Mannarino v. U.S*, 218 F.R.D. 372, 375 (E.D.N.Y. 2003). Although Plaintiff cites to several cases in this District for the proposition that "the expert fee amount is . . . reasonable and allowable[,]" Plaintiff does not address Defendants' argument that, without an hourly account of Plaintiff's expert work, it is impossible to determine whether the requested fee is reasonable. ECF No. [17] at 13 (citing, *e.g., Macort v. McDonald's Corp.*, No. 03-cv-1333, 2005 WL 1925740, at *10 (M.D. Fla. Aug. 11, 2005) (awarding expert fee of $3,850.00); *Karakis v. Argentinian Grill, LLC,* No. 09-cv-61204, 2010 WL 298599, at *3 (S.D.

---

[3] Although Plaintiff states the $500.00 re-inspection fee is included in the $2,500.00 flat fee, the invoice reflects two separate charges: one for "Re-Inspection Fee (Flat Fee)" and one for "Expert Fee (Flat Fee)." ECF No. [14-3] at 3.

Fla. Jan. 20, 2010) (awarding $2,500.00 in costs for pre-suit inspection of the premises)). Although Kronillis states that he spent "approximately 13-14 hours in total on this matter[,]" he does not provide a detailed breakdown of those hours. ECF No. [12-2] ¶ 5. Although Kronillis states that he "conducted a preliminary inspection of the restaurant[,]" "personally discussed and reviewed all reports and documentation with Plaintiff's counsel," and "personally visited the Property and spent a substantial amount of time inspecting and preparing a report as well as researching records and reviewing and advising Mr. Stern as needed[,]" he does not state how much time he spent on each of these tasks. *Id.* ¶¶ 1, 3, 5. Given the Court's inability to determine the reasonableness of the number of hours expended on Kronillis's report, the Court will adopt the approach taken by other courts dealing with the same expert. *See Barberi v. TCB Sport Ent. LLC,* No. 21-cv-60726, 2022 WL 625239, at *6 (S.D. Fla. Feb. 16, 2022) ("[R]ather than rejecting outright Plaintiff's request for reimbursement of expert fees, the undersigned recommends that the Court award $1,500 towards this cost. This is consistent with what the undersigned and other Courts have found to be a reasonable flat rate for an expert in a similar case."), *report and recommendation adopted*, No. 21-cv-60726, 2022 WL 624998 (S.D. Fla. Mar. 3, 2022); *Caplan v. Mallory*, No. 19-cv-62103, 2021 WL 883493, at *5 (S.D. Fla. Feb. 26, 2021) (same), *report and recommendation adopted*, No. 19-cv-62103, 2021 WL 879198 (S.D. Fla. Mar. 9, 2021); *but see Caplan v. 101 Vapor & Smoke, LLC*, No. 18-cv-23049, 2019 WL 13260857, at *7 (S.D. Fla. Aug. 21, 2019) (denying expert fees where Kronillis'[s] report and corresponding time sheets lack any detail regarding the time spent on the inspection of the property or details of the inspection"), *report and recommendation adopted*, No. 18-cv-23049, 2019 WL 13260858 (S.D. Fla. Sept. 16, 2019). Therefore, based on what other courts have found to be a reasonable flat rate for Kronillis's report in similar cases, the Court awards $1,500.00 in expert fees.

Regarding the "Re-Inspection Fee (Flat Fee)" included in the attached invoice and the $3,511.10 in total costs, Plaintiff has not put forth any evidence that Kronillis charges an additional $500.00 for a re-inspection of the property. *See* ECF No. [14-3] at 3. Indeed, Plaintiff states in the Motion that the $500.00 "Re-Inspection Fee" is included in Kronillis's $2,500.00 flat fee. ECF No. [12] at 13. However, the invoice includes two separate line items: one for a $2,500.00 "Expert Fee (Flat Fee)" and one for a $500.00 "Re-Inspection Fee (Flat Fee)." ECF No. [14-3] at 3. In his affidavit, Kronillis states that "[u]pon notice that the Property has been modified to correct the ADA violations, I shall reinspect the Property to determine whether or not the Property was brought into compliance with the requirements of the ADA[,]" but never references an additional fee for this re-inspection. ECF No. [12-2] ¶ 6. Indeed, Kronillis only states that "The Advocacy Law Firm, P.A. was charged a flat fee of $2,500.00 for my services[.]" *Id.* ¶ 4. Therefore, Plaintiff cannot recover for the purported "Re-Inspection Fee."

Regarding the PACER and printing fees, Plaintiff seeks a total of $16.10. ECF No. [14-3] at 3-4. Printing fees are taxable under 28 U.S.C. § 1920(4). Defendants argue that "Plaintiff receives email link[s] to filings that can be printed without charge to PACER." ECF No. [14] at 10. In Reply, Plaintiff states that "every page of documents retrieved from [PACER] public search costs $0.10" and "the requested [PACER] fees of $4.10 are not for accessing the case-related documents through . . . CM/ECF-generated emails." ECF No. [17] at 14. Because the PACER charges are "reasonable costs in the 'advancement of litigation'" Plaintiff is entitled to the full $16.10. *Mallory*, 2021 WL 883493, at *5 (citing 42 U.S.C. § 12205) (awarding PACER fees in ADA case).

IV.     **CONCLUSION**

Accordingly, it is **ORDERED and ADJUDGED** as follows:

Case No. 25-cv-22378-BLOOM/Elfenbein

1. Plaintiff's Motion for Attorneys' Fees, Costs, Expert Witness Fees and Litigation Expenses, **ECF No. [12],** is **GRANTED IN PART and DENIED IN PART**.

2. Plaintiff shall recover:

    a. $12,369.00 in attorneys' fees;

    b. $612.50 in paralegal fees;

    c. $2,011.10 in costs, which is comprised of $1,500.00 in expert fees, $90.00 in service fees, $405.00 in filing fees, and $16.10 in printing and PACER fees.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 10, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record